UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| DEANTE TAYLOR, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) CAUSE NO. 1:16CV407-PPS |
| STATE OF INDIANA, and INDIANA GOVERNMENT CENTER SOUTH, | ) |
| Defendants. | ) |

OPINION AND ORDER

Deante Taylor, a pro se prisoner, filed a complaint and in forma pauperis motion. However, Taylor is barred from proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(g). This is commonly known as the "Three Strikes Rule" and Taylor has four strikes.[1] An inmate who has struck out, "can use the partial prepayment option in §1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996). In order to meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). In this case, Taylor is seeking $1,000,000.00 from the State of Indiana for violating his rights by

---

[1] (1) *Taylor v. State of Indiana*, 1:14-CV-325 (N.D. Ind. filed October 16, 2014), dismissed pursuant to 28 U.S.C. § 1915 on October 30, 2014; (2) *Taylor v. State of Indiana*, 1:14-CV-372 (N.D. Ind. filed November 26, 2014), dismissed pursuant to 28 U.S.C. § 1915A on April 6, 2015; (3) *Taylor v. State of Indiana*, 1:15-CV-216 (N.D. Ind. filed August 17, 2015), dismissed pursuant to 28 U.S.C. § 1915A on August 18, 2015; and (4) *Taylor v. United States District Court*, 1:15-CV-270 (N.D. Ind. filed September 23, 2015), dismissed pursuant to 28 U.S.C. § 1915A on September 25, 2015.

"refus[ing] to sign paperwork from the courts" on December 14, 2016. (DE 3 at 2.) This claim, though obscure, clearly does not allege that Taylor is in imminent danger. Indeed, this case is frivolous because the State of Indiana has sovereign immunity. *See Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) and *MCI Telecommunications Corp. v. Ill. Commerce Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999). Therefore Taylor cannot proceed in forma pauperis and this case qualifies as another strike.

Nonetheless, Taylor filed an in forma pauperis petition, even though he knew[2] he was struck out. The Seventh Circuit requires that litigants be restricted when they attempt to "bamboozle" the court by seeking to proceed in forma pauperis after they have been informed that they are barred from doing so.[3]

> Litigants to whom § 1915(g) applies take heed! An effort to bamboozle the court by seeking permission to proceed in forma pauperis after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit. Moreover, the fee remains due, and we held in *Newlin v. Helman*, 123 F.3d 429, 436-37 (7th Cir. 1997), that unpaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation. Sloan's appeal is dismissed for failure to pay the appellate filing and docket fees. Until Sloan has paid in full all outstanding fees and sanctions in all civil actions he has filed, the clerks of all courts in this circuit will return unfiled all papers he tenders. This order does not apply to criminal cases or petitions challenging the terms of his confinement, and may be reexamined in two years under the approach of *Newlin* and *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

*Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

---

[2] *See Taylor v. United States District Court*, 4:15-CV-89 (N.D. Ind. filed October 5, 2015), order entered October 29, 2016.

[3] In addition, Taylor filed two cases as a non-prisoner which were dismissed as frivolous and malicious. *Taylor v. United States District Court*, 1:15-CV-326 (N.D. Ind. filed November 5, 2015), order entered December 15, 2015; and *Taylor v. United States District Court*, 1:15-CV-382 (N.D. Ind. filed December 15, 2015), order entered January 13, 2016. In the former case, he was also cautioned that he could be sanctioned if he continued to file frivolous and malicious submissions.

So this case will also be dismissed, the filing fee assessed, and Taylor restricted until he has paid in full all outstanding filing fees and sanctions imposed by any federal court. The restriction imposed by this order does not restrict him from filing a notice of appeal nor "impede him from making any filings necessary to protect him from imprisonment or other confinement, but . . . [it does] not let him file any paper in any other suit . . . until he pays the money he owes." *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).

For these reasons, the court:

(1) **DISMISSES** this case as frivolous;

(2) **DENIES** the in forma pauperis motion (DE 4);

(3) **ORDERS** the plaintiff, **Deante Tyrell Taylor, IDOC # 243687**, to pay (and the facility having custody of him to automatically remit) to the clerk of this court 20 percent of the money he receives for each calendar month during which he receives $10.00 or more, until the **$400.00** filing fee is paid in full;

(4) **DIRECTS** the clerk of court to return, unfiled, any papers filed in any case by or on behalf of Deante Tyrell Taylor (except for a notice of appeal or unless filed in a criminal or habeas corpus proceeding) until he has paid in full all outstanding fees and sanctions in all civil actions in any federal court;

(5) **DIRECTS** the clerk to note on the docket of this case any attempted filings in violation of this order; and

(6) **DIRECTS** the clerk of court to ensure that a copy of this order is mailed to each facility where the plaintiff is housed until the filing fee has been paid in full.

**SO ORDERED.**

**ENTERED: January 12, 2017**.

s/ Philip P. Simon
CHIEF JUDGE